NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| JOE SOLO,<br><br>                    Plaintiff,<br><br>     v.<br><br>BED BATH & BEYOND, INC.,<br><br>                    Defendant. | CIVIL NO. 06-1908 (SRC)<br><br>**OPINION** |

**CHESLER, District Judge**

This matter comes before the Court on Defendant Bed Bath & Beyond, Inc.'s ("Defendant" or "BB&B") Motion to Dismiss Plaintiff's Amended Complaint [docket #36]. Plaintiff Joe Solo ("Plaintiff" or "Solo") filed an opposition to this motion [docket #39] and Defendant filed a reply [docket #40]. For the reasons set forth below and for good cause shown, this Court grants Defendant's motion to dismiss and dismisses Plaintiff's Amended Complaint with prejudice.

I.     **Factual and Procedural Background**

This class action arises out of alleged misrepresentations made by BB&B as to the thread count of bed sheets in the advertising, promotion, and packaging of those bed sheets. Specifically, Plaintiff claims that BB&B misrepresented the thread count in its multi-ply bed sheets by stating the number of threads in the warp and filling directions in one square inch of fabric instead of the number of yarns. Plaintiff alleges

that BB&B's conduct violated the New Jersey Consumer Fraud Act, N.J.S.A. 56:8-1, et seq. ("CFA").

Plaintiff filed his first complaint on April 20, 2006. BB&B filed a motion to dismiss the complaint on the grounds that Plaintiff failed to plead the requisite elements of a CFA claim, and, in the alternative, that Plaintiff had failed to plead fraud with specificity as required by Federal Rule of Civil Procedure 9(b). The Court held oral argument on this motion on September 25, 2006. The Court found that Plaintiff's complaint did not set forth any facts indicating that Plaintiff purchased the sheets in question. Therefore, the Court concluded that Plaintiff lacked standing and dismissed the complaint without prejudice.

Plaintiff filed his amended class action complaint ("Amended Complaint") on November 3, 2006, again alleging that BB&B's misrepresentation of the thread count of bed linens sold by BB&B violates the CFA. The Amended Complaint states that Plaintiff purchased from Defendant, for $149.99, a multi-ply bed linen set. Am. Compl. at ¶14. He alleges that the sheet set was "advertised as a sateen stripe sheet set with a "1000 Thread Count," but that "[t]he sheets Plaintiff received... had a thread count of only 492." Id.

On January 31, 2007, Defendant filed the present motion, moving to dismiss the Amended Complaint under Federal Rule of Civil Procedure 12(b)(6).

## II.     Legal Standard

On a motion to dismiss for failure to state a claim, brought pursuant to Federal Rule of Civil Procedure12(b)(6), the court must accept as true all allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in

the light most favorable to the non-moving party.  See Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1384-85 (3d Cir. 1994).  A complaint should be dismissed only if the alleged facts, taken as true, fail to state a claim.  See In re Warfarin Sodium, 214 F.3d 395, 397-98 (3d Cir. 2000).  The question is whether the claimant can prove any set of facts consistent with his or her allegations that will entitle him or her to relief, not whether that person will ultimately prevail.  See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984).  "[A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  Conley v. Gibson, 355 U.S. 41, 45-46 (1957).

      While a court will accept well-pled allegations as true for the purposes of the motion, it will not accept unsupported conclusions, unwarranted inferences, or sweeping legal conclusions cast in the form of factual allegations.  See Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 n.8 (3d Cir. 1997).  All reasonable inferences, however, must be drawn in the plaintiff's favor.  See Sturm v. Clark, 835 F.2d 1009, 1011 (3d Cir. 1987).  Moreover, the claimant must set forth sufficient information to outline the elements of his or her claims or to permit inferences to be drawn that the elements exist.  See FED. R. CIV. P. 8(a)(2); Conley, 355 U.S. at 45-46.  "The defendant bears the burden of showing that no claim has been presented."  Hedges v. United States, 404 F.3d 744, 750 (3d Cir. 2005).

**III.  Analysis**

      The CFA was enacted by the New Jersey legislature in 1960 to address rampant consumer complaints about fraudulent practices in the marketplace and to deter such

conduct by merchants.  Thiedemann v. Mercedes-Benz USA, LLC, 183 N.J. 234, 245 (2005) (citing Furst v. Einstein Moomjy, Inc., 182 N.J. 1, 11 (2004)).  In 1971, the CFA was amended to authorize private actions by injured parties.  Gennari v. Weichart Co., 148 N.J. 582, 604 (N.J. 1997).  The amended CFA states: "Any person who suffers an ascertainable loss of moneys or property, real or personal, as a result of the use or employment by another person of any method, act, or practice declared unlawful under this act.... may bring an action or assert a counterclaim therefor in any court of competent jurisdiction." N.J.S.A. § 56:8-19.  Significantly, the standard of proof in consumer-fraud actions by private plaintiffs is higher than the standard for the Attorney General's enforcement proceedings.  Although the Attorney General need not prove that the victim was damaged by an unlawful practice, to warrant an award of treble damages a private plaintiff must show an "ascertainable loss."  Cox v. Sears Roebuck & Co., 138 N.J. 2, 21 (1994).

To state a claim under the CFA, a private plaintiff must allege each of three elements: (1) unlawful conduct by the defendants; (2) an ascertainable loss on the part of the plaintiff; and (3) a causal relationship between the defendants' unlawful conduct and the plaintiff's ascertainable loss.  N.J. Citizen Action v. Schering-Plough Corp., 367 N.J. Super. 8, 12-13 (N.J. Super. Ct. App. Div. 2003) (citing Cox, 138 N.J. at 24).  The unlawful practices prohibited by the CFA fall into three general categories: (1) affirmative acts; (2) knowing omissions; and (3) regulatory violations.  Cox, 138 N.J. at 17.  When, as here, the alleged consumer fraud violation consists of an affirmative act, intent is not an essential element and the plaintiff need not prove that the defendant intended to commit an unlawful act.  Id. at 17-18.  There is no reliance requirement for

CFA liability; instead, the CFA establishes deceptive practices as actionable even if no person "has in fact been misled, deceived, or damaged thereby." Union Ink Co. v. AT&T Wireless, 352 N.J. Super. 617, 646 (N.J. Super. Ct. App. Div. 2002); N.J.S.A. 56:8-2.

Defendant BB&B argues that Plaintiff has failed to adequately plead each of the three elements of the a CFA claim and should be dismissed with prejudice under Federal Rule of Civil Procedure 12(b)(6). It appears that Plaintiff has adequately plead unlawful conduct by the Defendants– specifically that Defendant misrepresented, in its advertising and packaging, that the linens purchased by Plaintiff had thread counts of at least double their actual thread counts. However, as discussed below, the Court agrees with Defendant that Plaintiff has failed to adequately identify the ascertainable loss and the requisite causal nexus between the ascertainable loss and Plaintiff's unlawful conduct.

Under the CFA, a plaintiff must demonstrate an "ascertainable loss," defined as "a cognizable and calculable claim of loss due to the alleged CFA violation." Theidemann, 183 N.J. at 249. Ascertainable loss includes more than a monetary loss, Union Ink Co., 352 N.J. Super. at 646, and may occur "when a consumer receives less than what was promised." Id.; see also Miller v. Am. Family Publishers, 284 N.J. Super. 67, 90-91 (N.J. Ch. 1995) ("For their money, they received something less than and different from what they reasonably expected in view of defendant's presentations. This is all that is required to establish ascertainable loss."); Talalai v. Cooper Tire & Rubber Co., 360 N.J. Super. 547, 564 (N.J. Super. Ct. Law Div. 2001) ("Whenever a consumer has received something other than what he bargained for, he has suffered a loss of

money or property. That loss is ascertainable if it is measurable even though the precise amount of the loss is not known . . . . When the product fails to measure up [to reasonable expectations based on the representations made], the consumer has been injured; he has suffered a loss. [H]e has lost the benefits of the product which he was led to believe he had purchased." (citing Hinchliffe v. Am. Motors Corp., 184 Conn. 607 (1981))). In cases involving alleged misrepresentations, as here, "either out-of-pocket loss or a demonstration of loss in value will suffice to meet the ascertainable loss hurdle." Theidemann, 183 N.J. at 248. Thus, as noted by Judge Sheridan, "if plaintiff was promised a bed sheet containing a certain thread count and received a lower thread count of lesser value, an ascertainable loss may be realized." Zebersky v. Bed, Bath, & Beyond, Inc., No. 06-1735, 2006 WL 345993 at *2 (D.N.J. Nov. 29, 2006).

Here, Plaintiff has not made such allegations with sufficient specificity. At numerous points in the Amended Complaint, Plaintiff generally alleges that he and the members of the proposed class purchased multi-ply bed linens and that Defendant misrepresented the thread count of these multi-ply linens. See Am. Compl. at ¶¶ 4, 6, 17, 26, 29. Plaintiff alleges that he purchased a sheet set that was advertised as having "a '1000 Thread Count,'" but that the sheet set actually had a thread count "of only 492." Id. at ¶ 14. Plaintiff also broadly states that "Plaintiff and the proposed Class and Subclass Members have suffered an ascertainable loss in that they purchased linens that were of a lower quality and less valuable than the linens they were promised." Id. at ¶ 42. These broad and conclusory allegations are not sufficient to demonstrate an ascertainable loss. Under the CFA, Plaintiff is required to plead specific facts setting forth and defining the ascertainable loss suffered. See, e.g., Cox,

- 6 -

138 N.J. at 21 ("Traditionally, to demonstrate a loss, a victim must simply supply an estimate of damages, calculated within a reasonable degree of certainty."); <u>Dabush v. Mercedes-Benz USA, LLC</u>, 378 N.J. Super. 105, 116 (N.J. Super. Ct. App. Div. 2005) ("The [CFA] does not provide for recovery for statutory damages where a plaintiff cannot show actual harm."). Plaintiff fails to specifically allege that what he did received was of lesser value than what was promised, i.e., that the sheets he received were worth an amount of money less than the sheets he was promised, or that he experienced a measurable out-of-pocket loss because of his purchase. Therefore, Plaintiff has failed to set forth either an out-of-pocket loss or a demonstration of loss in value sufficient to satisfy the ascertainable loss requirement. <u>See</u> <u>Theidemann</u>, 183 N.J. at 248 (The "certainty implicit in the concept of an 'ascertainable loss' is that [such loss] is quantifiable or measurable.").

However, even were this Court to find that Plaintiff had adequately plead an ascertainable loss, the Plaintiff must also demonstrate that this ascertainable loss was suffered "as a result of" Defendant's unlawful conduct. N.J.S.A. § 56:8-19. Plaintiff has not done so. In order to satisfy this element, Plaintiff must show a "causal relationship between the unlawful practice and the 'ascertainable loss.'" <u>Miller</u>, 284 N.J. Super. at 76; <u>see also</u> <u>Thiedemann</u>, 183 N.J. at 246 (plaintiff must demonstrate "a loss attributable to conduct made unlawful by the CFA.").[1] The CFA does not require that

---

[1] The New Jersey courts have distinguished this "causal connection" from element of traditional reliance required in fraud cases. <u>Dabush</u>, 378 N.J. Super. at 122; <u>Gennari</u>, 148 N.J. at 607-608 (holding that reliance is not required in suits under the CFA because liability results from "misrepresentations whether any person has in fact been misled, decieved, or damaged thereby"). Therefore, Plaintiff need not demonstrate that he relied on Defendant's misrepresentations, only that there is a

the misrepresentation have been the sole cause of Plaintiff's damages, but merely that it be a cause.  See Zebersky, 2006 WL 3454993 at *4; Vacarello v. Mass. Mut. Life Ins. Co., 332 N.J. Super. 31, 48 (N.J. Super. Ct. App. Div. 2000).

In the Amended Complaint, Plaintiff states that "[a]s a result of Defendant's misleading statements and intentional omissions, Plaintiff and the proposed Class and Subclass members have suffered an ascertainable loss."  Am. Compl. at ¶ 42; see also ¶ 50.  Nowhere, however, does Plaintiff explain how this ascertainable loss is attributable to the unlawful conduct.  Adequate explanations would include a statement by Plaintiff indicating that Plaintiff purchased the sheets in part because of the representation that the sheets were "1000 thread count," or, that Plaintiff would not have purchased the sheets had they been labeled with the actual thread count.  See, e.g., Gross v. Johnson & Johnson-Merck Consumer Pharm., 303 N.J. Super. 336, 346 (N.J. Super. Ct. App Div. 1997) (CFA class could only include persons who "saw the challenged advertisements" and "would not have purchased the Pepcid but for the challenged advertisements."); Strzakowlski v. Gen'l Motors Corp., No. 04-4740, 2005 U.S. Dist. LEXIS, at *25 (D.N.J. Aug. 16, 2005) (plaintiff adequately alleged CFA claim where plaintiff claimed that she would not have purchased her vehicle if GM had disclosed the defect at issue); Int'l Union of Operating Eng'rs Local #68 Welfare Fund v. Merck & Co., Inc., 384 N.J. Super. 275, 289 (N.J. Super. Ct. App. Div. 2006) (plaintiff's allegations that Merck's fraud "induced P & T committees to place Vioxx on healthcare plans' formularies" demonstrated a sufficient causal connection between the alleged

---

causal relationship between the alleged misrepresentations and his claimed damages.

fraud and the ascertainable loss."). Plaintiff has not provided any such explanation of the connection between his alleged damages and the wrongful conduct of Defendants. As such, Plaintiff has failed to adequately plead the existence of a causal nexus between the alleged misrepresentations and his ascertainable loss, and his CFA claim and Amended Complaint must be dismissed.

Further, because Plaintiff has already been permitted to amend his complaint, and has failed to remedy the deficiencies present, the Court will dismiss the Amended Complaint with prejudice.

### IV.  Conclusion

For the reasons set forth above, Defendant's Motion to Dismiss is **GRANTED**, Plaintiff's Amended Complaint is **DISMISSED WITH PREJUDICE**, and this case shall be **CLOSED.**

                                              /s/ Stanley R. Chesler
                                              Stanley R. Chesler, U.S.D.J.

Dated: April 26, 2007